**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10106 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00172-RLH-GWF-1 |
| v. | |
| MOSHE BARMUHA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted September 8, 2014[**]
San Francisco, California

Before: SCHROEDER, OWENS, and FRIEDLAND, Circuit Judges.

Moshe Barmuha appeals his guilty plea conviction and 92-month sentence

for conspiracy to interfere with commerce by threat and violence, in violation of

18 U.S.C. § 1951(a), and interstate foreign travel in aid of racketeering enterprises,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of 18 U.S.C. §§ 2, 1952(a)(3).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

We review for an abuse of discretion the denial of a request to withdraw a guilty plea.  *United States v. Briggs*, 623 F.3d 724, 727 (9th Cir. 2010).  Where a defendant fails to raise an objection to a sentencing error in the district court, we review for plain error.  *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1187 (9th Cir. 2013).  We review for an abuse of discretion whether a sentence is substantively reasonable.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

Barmuha contends that the district court abused its discretion by not allowing him to withdraw his guilty plea because his language barrier prevented him from understanding the severity of his possible sentence.  However, the record reflects that Barmuha reviewed a translated plea agreement and had an interpreter at the district court's thorough plea colloquy.  Therefore, the district court did not abuse its discretion because Barmuha failed to provide a "fair and just reason" to withdraw his guilty plea.  Fed. R. Crim. P. 11(d)(2)(B); *see also Briggs*, 623 F.3d at 728-29 (only in exceptional circumstances may a defendant change his plea because he underestimated the severity of the sentence he faced).

Barmuha contends, for the first time on appeal, that the district court procedurally erred at sentencing by not grouping his counts under U.S.S.G.

§ 3D1.2, thereby miscalculating the Guidelines range. The district court did not plainly err because it is not obvious that the counts should be grouped. *See United States v. Anderson*, 741 F.3d 938, 947 (9th Cir. 2013) ("[E]rror is only plain where it is 'clear and obvious.'" (citation omitted)).

Also for the first time on appeal, Barmuha contends that the district court procedurally erred at sentencing by failing to adequately explain its upward departure from the Guidelines and by relying on a clearly erroneous fact or inaccurate view of the law. Reviewing for plain error, we find none. The record reflects that the district court adequately explained its upward departure based on Barmuha's foreign convictions and considered all of Barmuha's arguments. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Finally, Barmuha contends that his sentence is substantively unreasonable. Barmuha's sentence, although an upward departure from the Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Barmuha's serious and violent foreign convictions. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**